OPINION of the Court, by
Judge Owsley.
Anderson recovered judgment against Rochester, in the Mercer circuit court, and had an execution issued thereon, which was replevied by Rochester. After the Expiration of the replevin bond, another execution issued mfavor of Anderson. Rochester petitioned the judges of said court, alleging the death of Anderson, and praying a writ of error coram vobis, which was awarded him. A scire facias to hear errors issued from the clerk’s office of Mercer circuit court, against Anderson, and was returned by the sheriff, not found. Anderson’s *570 attornies appeared and pleaded that he was not dead, upon which plea issued was joined, and verdict and judgment had in favor of Anderson; to reverse which Rochester has prosecuted this appeal.
judgment for ten per cent, damages on af-firmance by the court below in error ear am <vo°> bhy is warranted by the fta* • tute»
The first inquiry presented for the consideration of this court is, as to the legality of the proceedings had by Rochester. To entitle him to a reversal of the judgment, it must appear that the proceedings on his part are correct, and such as will justify a judgment in his favor. Notwithstanding errors may have been committed against him, it would he improper and illegal to reverse the judgment, unless the proceedings on his part are correct and legal. That the death of Anderson would prevent any further proceedings being had in his- favor until regularly' revived, will not be denied ; and it is equally evident that any proceeding had against him in his name after his decease, is also erroneous. In a writ of error coram vobis grounded on the death of the party, the scire jactas to hear errors should issue against the executor or administrator of the defendant in error, and if the sheriff return he is alive, then he may plead in nulla est erratum ; but if the sheriff return he has warned the executor or administrator, that will be sufficient ground for the court to proceed to hear errors — 2 Saund. 101. The proceedings therefore on the part of Rochester, is erroneous.
The only remaining question necessary to be decided in this case is, whether the court acted correctly in adjudging ten per cent, damages in favor of Anderson. The decision of this question depends on the construction ot the act of 1802. It was adjudged by this court in the case of Lansdel vs, Finley, Hard. Rep. 153, that by the letter and true spirit and meaning of the act, ten per cent, damages is given in cases like the present. We see no good reason' for departing from that construction, but think it correct.
Judgment affirmed, with damages and costs.